Good morning. My name is Tom Naylor. I'm the attorney for the appellant. I'm from Henderson, Nevada. I'd just like to submit for the record I did file with the court on August 6, 2004, a letter raising a sentencing issue under Blakely and Ameling, and essentially that the defendant was sentenced to an extra 11 months in prison due to the fact that the district court found a level of controlled substance in excess of that which was alleged in the indictment. So if this court does not reverse totally, I would request the court remand the case for a sentencing hearing pursuant to Blakely and Ameling. On that point, counsel, I think we're all waiting with bated breath for the word from the Supreme Court on those two pending cases. This Fanfan is one. I forgot what the other case is. Hooker, right. And all of the court watchers seem to think that we'll have a decision very shortly, so I doubt we'll be doing anything here until we at least hear from the Supreme Court on those two cases. I just wanted to make sure I preserved the issue. Maybe a stay would be in order then on that issue for this case. If I was unclear how to pursue this, I asked the federal public defender in Nevada how to raise this issue. I think you raised it, obviously, for our attention, and we will very definitely take it into account. Okay. Thank you, Your Honor. Getting to this case, essentially I think the first issue would be Rule 41, the Federal Rules of Criminal Procedure, and what we're really asking for was a hearing in front of the magistrate. In our moving papers below, the defendant was willing to testify that he was basically stopped outside of his apartment, taken back to the apartment, and actually before he was taken back, he requested to see the search warrant, and they refused his request. He was taken back to the apartment. The apartment was essentially pretty well thoroughly searched, at least 90 percent of it. Counsel, before we get to the search, search was a state search warrant, and he was arrested outside the apartment on a federal arrest warrant. Rule 41 doesn't come into play unless it is a federal matter, and the cases are pretty clear that you have to have federal involvement, substantial federal involvement, when there's a dual jurisdictional police procedure here. What can you point out in this record that would reflect Rule 41 should apply in this case, i.e., substantial federal involvement in this matter? Well, essentially, Your Honor, it was a joint task force case between the feds and the state, so therefore both agencies are working on the case. The case involves a multi-state gang-related drug activity. That's what brought the feds in, the drug? That's correct. And then there was an arrest, state arrest earlier, and through that state arrest, I think it's Ms. Wells, and that's when they started to focus on the defendant, and then they go out and they find a driver's license or the Social Security card issue, and then they bring that federally. I think at that point they have federal agents helping out with the search. But wait just a minute. There were no federal agents in the search. This was purely a state search. It was a state search warrant. It was executed by the state authorities. There's nothing in this record to reflect that the federal agents were engaged in this search whatsoever, or that it was a federal search. Well, can you point to anything that reflects that the search was done at the behest of federal agents? In other words, that the state officials were doing this for the federal government? I think the fact they go to the Justice of the Peace and cite the fact that the defendant is going to be arrested or has federal Social Security problems and is going to be arrested, I think that was in the affidavit for the search warrant. Also, the federal agents are the ones that arrested him. Wait a minute. They arrested him on a federal warrant. They didn't arrest him pursuant to the search. They arrested him on, they could arrest him any time they saw him or wherever they found him. That's correct, and they did arrest him outside, but then they allowed him basically to be put back into the apartment to be present during the search. They were present during the questioning by the police as to whether anybody was in the apartment, and then when he asked to see the warrant, he refused, and then they took him back into the apartment. So whether it's a federal search or not, they're intricately involved, and I think the fact that this is a multi-state case. Pardon me. Yes. You say they're intricately involved. What does this record reflect that the federal government did concerning the execution of the search warrant? If you're dealing with Rule 41, they had the man under arrest. You have to show that they are involved in the execution of the search warrant for Rule 41 to apply. Well, as I stated before, they were present while the questioning took place, and they allowed the defendant. They could have taken him right then back to the federal courthouse, but they didn't. Instead, they took him inside. They were present when the search was there, and at that point I'd state that if they weren't involved, they placed themselves in that position at that point. Also, I cited in my brief that there's a corresponding state rule in Nevada similar to Rule 41 that would require the state officers to show the search warrant to the defendant under Nevada law, and that triggers the question of whether it's a Fourth Amendment issue, not just a Rule 41 issue at that point. And I think the Gantt case, at least in this circuit, shows that there is a tie between the two. In other words, that the Fourth Amendment is also triggered at that point. Well, wait. Let me understand that. That went over my head. It's your position that if of course you're in the federal court right now. Your position is if the state officials violated a state rule concerning the execution of a search warrant, that that is a violation of the Fourth Amendment. Is that your position? It would also be a violation of the Fourth Amendment.  All right. Then the other issue, I think, is the ruling in the district court as to the lack of a test on the cup. I requested a mistrial or at least that that evidence be held neutral, that the prosecutor not be allowed to argue as they did that the cup was essentially related to the drugs found in the large bottle. Wasn't this a cross-examination on that issue? Well, the judge ruled that you can argue that they should have tested it. But I don't think that solved the problem. At that point, you're attacking the police, which I found to be a bad defense strategy over the years. But I think the court should have made that neutral by saying that that evidence essentially, since there's a fingerprint on that cup, they should not have been allowed to argue that the cup was related to the bottle because there's many uses that the cup could have. For example, it could be the residue could be detergent. It could be anything else other than drugs. So based upon that, I'd ask that the court reverse the case and remand it back to the district court. I'd like to reserve the remaining minute or so of my time. You may do so, counsel. Thank you. We'll hear from the government. Thank you. May it please the court, my name is Andrew Duncan. I'm an assistant United States attorney in Las Vegas, Nevada, and I represent the appellee. I'll first deal with the issue in regard to what formerly was Rule 41D. Now I believe it's cited as 41F. And that is when there was no, the allegation is that the defendant was not left with a copy of the warrant or the inventory at the end of the warrant. It's our position, as noted by the court, that the search was not federal in character. And that's our initial position. Why? Because this is a state search warrant executed by local law enforcement officials. The evidence is seized by Las Vegas Metro, a local law enforcement agency, and the evidence is tested by the Las Vegas Metropolitan Police Department CSI or Crime Lab. The ---- Well, can't you say fairly, as the appellant has argued, that the feds were interested in this search warrant since they contemplated drugs being found, I take it, the state officials, and that it was contemplated, but if they were found, along with the Social Security violation, they'd prosecute them for the drug violation as well. Why isn't that a fair assumption that you can imply from the federal participation in this? I'll concur that there was some federal participation involved. The Social Security agent was involved and filed the complaint in regard to the Social Security violation. There was contact with a joint federal state agency. But it's our position that this does not reach the level of the substantial involvement needed to make the warrant federal in character. Therefore, it's our position that it isn't federal in character because of all of the state involvement and the minimal federal involvement. So I guess it would be ---- our position is that it would be a balancing and that, yes, we'll concede the fact that there is some federal involvement here, but it isn't substantial enough in order to make it federal in character. Well, your involvement has to be ---- it has to be contemplated from the beginning of the search that there would be a federal prosecution. Why is that a fair assumption to be made, as counsel has argued to us? I don't think it's a fair assumption because it's our position that it's done by local law enforcement as a result of a local warrant. There are no federal agents involved in the seizure of the evidence, and there's no federal agents involved in the testing of the agents. It doesn't go to the FBI lab. Maybe they didn't execute it, but they're standing right there in the hallway, I take it. The record seems to indicate that the Social Security agents were present at the scene in order to take the defendant into custody on the federal warrant for Social Security. So, yes, there were federal agents present at the scene. However, the record does not indicate they were involved in the execution of the search warrant, the testing of the evidence, or the seizure of the evidence in this case. The second issue before the court is the admission of evidence of the measuring cup and of the fingerprint that was found on the measuring cup. As the court may recall from the facts of this case, Las Vegas Metro goes to serve the search warrant, and they find a fairly large quantity of PCP, which is a highly toxic, dangerous substance. Pursuant to Las Vegas Metropolitan Police Department policy, a special containment organization is called out in order to get rid of this highly toxic substance and anything that had perhaps come into contact with this highly toxic substance. And this is the policies and the procedures of the Las Vegas Metropolitan Police Department. As a result, the cup that is found in close proximity in a bedroom closet to the PCP is subsequently destroyed after being fingerprinted. It's our position that it was not an abuse of discretion for the court to allow evidence of the cup and the fingerprint, the fact that the defendant's fingerprint was found on this cup. The standards that the court has to look like in the Ninth Circuit balancing test established by the Loud Hawk case were the officers negligent not following established and reasonable standards? Well, here we have a highly toxic, dangerous substance. You have a policy by Las Vegas Metro and how they're going to handle it, and they exactly followed that. Counsel, may I ask you? Sure. Was any of the PCP preserved for purposes of introducing it in evidence at the trial? An amount of PCP. How was it preserved then? It was preserved by the lab technician following their procedures for testing. At that point, it's my understanding from the evidence induced at trial that the PCP is then preserved in a special place under special circumstances for this highly toxic substance, and it is not brought into court at a later time. And we did not present it in court due to the nature of the substance and the danger that it could cause to everyone involved from the court to the jurors to the prosecutors, the defendant. So an amount of it is seized. It's measured at the scene by the CSI technician from Metro. Everything is then destroyed except for the amount that is taken to the lab and tested, which is then kept in a special location due to its nature. So it's our position that the officers' action and Metro's actions were taken in good faith and with reasonable justification. I certainly think that the safety of the officers involved, the court, the juries involved, show that this was done in good faith and with reasonable justification. I would also note once again that one of the factors in the balancing test is were the individuals federal officers. And in this case, we don't have any federal officers involved in the finding of the evidence, the seizure of the evidence, and the testing of the evidence. So it's our position that there was no federal officers, there were no federal officers involved, and therefore a nap prong of the balancing test weighs in favor of the government. Does the court have any further questions in regard to any of the issues? Certainly not, counsel. Thank you. We'll hear from the appellant again. You have some reserved time. Yes. I think an issue I thought about in regard to the federal involvement is the timing involved. I mean, you have coordinated effort, which would indicate that the joint task force is kind of controlling the things, in that you have an arrest warrant being sought in the federal, by the federal agents. At the same time, the state agents are getting the search warrant, and then they do this essentially job together. Counsel, under the Byers case, the touchstone of whether it's federal in character appears to be whether the federal prosecution was contemplated at the outset of the obtaining of the search warrant. What do you have here that reflects that fact? I think, again, it comes back to the multi-state gang aspects of it. And, you know, also I think the amount of drugs. I mean, they're talking about Tanya Wells, I believe, or in that arrest says that there's a large quantity of drugs. Well, there's another thing that shows coordination, the fact that both warrants were issued the same day. Right, Your Honor. And being a large, the fact that they would be seizing a large amount of drugs, it would probably at that point, I would say, I'd argue that is going to be a federal case at that point. And the fact that it's a multi-gang case, they may want to make deals that could go across state lines. Why couldn't it be a state case with that amount of drugs? My experience is that the feds like to bring a high amount of drugs. Those qualify as federal cases. If it's low drugs, they go in the state system and they're plotted out at low levels. Thank you, counsel. Thank you. The case just argued will be submitted for decision, and we will now hear argument in United States v. Stewart.
judges: O'scannlain, Cowen, Bea